CLARK *v.* BASSO.

REFORMATION OF INSTRUMENTS — DEEDS — MISTAKE — EVIDENCE —
    SUFFICIENCY.
    On a bill to reform a deed by which complainant by mistake
        deeded defendant two feet more of a city lot than he owned,
        and to enjoin an action at law to recover for the deficiency,
        evidence examined, and *held,* to entitle complainant to the
        relief prayed.

Appeal from Calhoun; North, J. Submitted January
15, 1908. (Docket No. 60.) Decided May 26, 1908.

Bill by Alexander L. Clark against John Basso to re-
form a deed, and to enjoin an action at law. From a de-
cree dismissing the bill, complainant appeals. Reversed,
and decree entered for complainant.

*Frank W. Clapp,* for complainant.

*J. L. Hooper* and *J. M. & J. L. Powers,* for defend-
ant.

McALVAY, J. Complainant and his brother, Walter
Clark, by inheritance, acquired title to lot 19 of block 1 in
the city of Battle Creek, Mich., except a strip of land 4 by
33 feet off from the north end reserved for stairway. On
October 9, 1895, upon a settlement and division of prop-
erty with his brother, Walter Clark and wife conveyed to
complainant the west 11 feet of said lot, with the above
exception. This deed was duly recorded October 14, 1895.
Complainant on the same date, for the same purpose, con-
veyed to his brother Walter the east 22 feet of said lot,
with the above exception, which deed was recorded Octo-
ber 12, 1895. At the time of these conveyances by these
brothers a brick store occupied the east 24 feet of said lot,

which store was built many years before that date. A few days after making these deeds by the brothers, Walter Clark discovered the mistake that he had acquired but 22 feet of the 24 feet upon which the building he was to take was situated, and making another deed dated October 14, 1895, conveying the east 24 feet of said lot to him, presented it to his brother Alexander, who executed it at once. This deed was recorded October 28, 1895. By this correction complainant owned the west 9 feet of said lot. Lot 20 lies to the west of this lot 19. These lots were considered to be each 33 feet in width. On the west 24 feet of lot 20 was situated a brick building. In the year 1847 B. F. and H. J. Hinman, who then owned said lot 20, and the father of complainant, who then owned lot 19, joined in erecting a three-story brick building upon these lots, one-half of said building being located on the westerly 9 feet of lot 19 and one-half on the easterly 9 feet of lot 20, the respective halves belonging to the party who owned the land on which each was situated. The building fronted 18 feet on Main street. The ground floor was occupied as a store; there being no partition through the center showing the dividing line. It was rented as a whole, each owner receiving one-half of the rent. This condition continued after complainant acquired title to the westerly 9 feet of lot 19. The defendant, who had been engaged in the fruit business in the city of Battle Creek since 1883, on April 12, 1892, first rented this 18-foot store and basement for a period of five years, by a written lease, the rental being $600 per year, payable $50 monthly. In April, 1897, at the expiration of this lease, defendant, John Basso, and his brother Antonio Basso entered into a new lease of these premises in writing with H. J. Hinman and complainant, who in the meantime had become the owner of one-half, at a rental of $500 per year, payable $41.67 per month, of which each lessor received one-half. On June 12, 1900, complainant conveyed by warranty deed his interest in this property to

defendant. In the deed it was described as the westerly 11 feet of lot 19 of block 1, excepting stairway on the northeasterly end, 4 feet wide by 33 feet long. The consideration was $2,500, which included a mortgage of $1,000 assumed by defendant, dated April 13, 1900, in which the property was described the same as in the deed to defendant. Complainant at the time was the owner of but 9 feet of this land. After his purchase from complainant, defendant continued to occupy the premises, and to pay Mr. Hinman, the owner of the westerly half, his representatives or assigns, the sum of $20.84 monthly rental until February 27, 1902, when defendant purchased that interest in this property from the grantee of the Hinman estate, and occupied it until February, 1904, when he claims he discovered through a survey made at the time that at the time of his conveyance complainant owned but 9 feet of land on the west side of lot 19, and had by his deed conveyed to him 11 feet. He brought suit at law by summons against complainant March 4, 1904, and complainant at once caused his appearance to be entered by his attorney. The declaration in this suit was not filed or served until October 23, 1906. Complainant, being informed by his attorney of such filing and service, came to Battle Creek on November 12, 1906, and went to Marshall for the purpose of obtaining an abstract, and then for the first time learned that a mistake had been made in his deed to defendant. Later he filed his bill of complaint in the suit at bar, asking that the mistake in the deed to defendant might be corrected, and that defendant be restrained from prosecuting the suit at law. The circuit court denied any relief, and dismissed his bill of complaint. He has appealed, and asks the reversal of said decree. A detailed statement of facts has been given because such statement makes it apparent that a mistake was in fact made.

The question in the case is a question of fact. There is no dispute as to the law. There is no claim made that

complainant intentionally deeded property he did not own; but it is claimed, and the court so found, that complainant represented that he owned 11 feet of this lot, and that defendant understood that he was buying 11 feet.  How the mistake was made in the first deed to complainant, where 11 feet was deeded, when the clear intention was to deed 9 feet, cannot be explained.  It was corrected at once; but without doubt, as complainant testifies, that was the deed which was used in getting the description for the deed to defendant in 1900.  Defendant had occupied these premises since 1892, and this court will presume that he was perfectly well acquainted with them.  He knew that the premises were owned in separate interests.  For the greater share of the time, he knew that each interest claimed and received one-half of each month's rent.  He also knew that the costs of repairs were divided between them.  He knew that he was purchasing the share of complainant in the building and premises he occupied, and makes no claim that he was purchasing anything more.  There is no dispute but that this building was about 18 feet in width.  At the time of the purchase of complainant's interest by defendant he was paying to each of the owners one-half of the rent each month, and continued to pay the Hinman interest the same amount for two years afterwards.  He was furnished an abstract by complainant, upon which appeared the deeds containing the first mistake and the one correcting it.  He began his suit against complainant, and allowed two years and seven months to pass before he revealed by his declaration his claim against him.  Notwithstanding the disagreement between the parties in their testimony, we are satisfied from these facts and others contained in the record that complainant established by a preponderance of the evidence that this was a mutual mistake, and that he was entitled to the relief prayed.

The decree of the circuit court is reversed, and set aside, and a decree will be entered in this court correcting the mistake in said deed, and reforming the same to correctly

describe the property conveyed, and also perpetually enjoining defendant from further proceeding in said suit at law against complainant. Costs of both courts will be allowed complainant.

GRANT, C. J., and BLAIR, MOORE, and CARPENTER, JJ., concurred.